IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| COLINDRES, REYNALDO | X | |
| PLAINTIFF | X | |
| V. | X | CIVIL ACTION NO. |
| | X | |
| THE BOARD OF REGENTS | | |
| OF THE UNIVERSITY OF | X | (JURY DEMAND MADE) |
| TEXAS SYSTEM | | |
| (MD ANDERSON | X | |
| CANCER CENTER) | | |
| DEFENDANT | X | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REYNALDO COLINDRES, as Plaintiff in the above-styled and numbered cause of action, and makes this his original complaint, and complains of THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM (MD ANDERSON CANCER CENTER), as Defendant, and for good grounds he would respectfully show the Court as follows:

1

## PARTIES

1. The Plaintiff is REYNALDO COLINDRES, an individual person who resides in Brazoria County, Texas. His mailing address is Reynaldo Colindres, 2408 Delta Bridge Drive, Pearland, Texas 77584, tel. 713-436-4843.

2. Defendant is THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM (MD ANDERSON CANCER CENTER) can be served by causing a summons and a copy of process to be personally served upon its Chancellor, Hon. William H. McRaven.

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas; and, the defendant's principal place of business is in Harris County, Texas. Jurisdiction is granted by 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983.

## FACTS

4. Plaintiff REYNALDO COLINDRES brings suit arising out of the terms and conditions of his employment at the UNIVERSITY OF TEXAS SYSTEM (MD ANDERSON CANCER CENTER).

5. REYNALDO COLINDRES was employed by the THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM (MD ANDERSON CANCER CENTER) as a nurse.

6. The plaintiff was terminated from his employment under an allegation that a heparin drip was connected directly to the PICC line in a patient.

## CAUSE OF ACTION: BREACH OF CONTRACT

7. REYNALDO COLINDRES had an agreement with the defendant that governed his employment. Some terms of that agreement were unwritten mutual understandings, and some terms were embodied in written policies. The plaintiff was entitled to rely upon the right to present his side of any

dispute in a meaningful and non-perfunctory manner. He was denied that right.

8. By entering into an employment agreement with the plaintiff, the defendant waived any Eleventh Amendment immunity it may have had regarding the plaintiff's employment.

9. The defendant breached its agreement with the plaintiff; and, the plaintiff was damaged thereby. He now sues for the redress of his damages.

<u>CAUSE OF ACTION:</u>
<u>SUBSTANTIVE DUE PROCESS AND THE DOCTRINE OF</u>
<u>LOUDERMILL V. CLEVELAND BOARD OF EDUCATION</u>

10.   REYNALDO COLINDRES was a "regular classified" employee of the MD ANDERSON CANCER CENTER. He had successfully passed through his probationary period and he worked more than 20 hours per week. He thus met the definition of a "regular classified" employee as set forth in the defendant's employment policy.

11.   The Supreme Court of the United States
      announced in the case of *Loudermill v.*
      *Cleveland Board of Education, 470 U.S. 532*
      *(1985),* that a non-probationary permanent
      government employee has an expectation of
      continued employment that is protected by the
      Due Process Clause of the 14th Amendment and
      Constitution.

12.   The plaintiff was entitled to a pre-
      termination opportunity to respond to
      allegations made against him; and, he is
      entitled to a post-termination opportunity to
      respond to and refute allegations made against
      him used to support his termination.

13.   The plaintiff was terminated without be
      granted any due process.

                    CAUSE OF ACTION:
                    42 U.S.C. §1983

14.   REYNALDO COLINDRES was a "regular
      classified" employee of the MD ANDERSON CANCER

CENTER. He had successfully passed through his probationary period and he worked more than 20 hours per week. He thus met the definition of a "regular classified" employee as set forth in the defendant's employment policy.

15.    The Supreme Court of the United States announced in the case of *Loudermill v. Cleveland Board of Education, 470 U.S. 532 (1985),* that a non-probationary permanent government employee has an expectation of continued employment that is protected by the Due Process Clause of the 14th Amendment and Constitution.

16.    The plaintiff was entitled to a pre-termination opportunity to respond to allegations made against him; and, he is entitled to a post-termination opportunity to respond to and refute allegations made against him used to support his termination.

17.   The plaintiff was terminated without be granted any due process.

18.   42 U.S.C. §1983 is a vehicle that provides a citizen the means to address deprivations of his liberty by those actions of persons acting under the color of state law.


<u>RELIEF REQUESTED</u>

19.   The plaintiff requests injunctive and declaratory relief. The plaintiff requests that the court make a determination that the defendant has violated plaintiff's rights and enjoin the defendant from terminating the employment of the plaintiff.

20.   In determining whether an agency is entitled to Eleventh Amendment immunity, the courts consider various factors, including whether payment of a judgment resulting from the suit would come from the state treasury, the status of the agency under state law, and

the agency's degree of autonomy. The Eleventh
Amendment does not immunize local governments
from private suits.

21.    Further, the plaintiff alleges that the
facts of this case permit the plaintiff to
request monetary damages payable by the
defendant. It is the information and belief of
the plaintiff that said damages would not be
payable out of the treasury of the state of
Texas. The defendant is an autonomous unit of
the state of Texas with its own government and
executives. The defendant's financial
operations are conducted separately from the
general business of the state of Texas and so
far as the plaintiff knows its operations are
self-funded.

22.    The plaintiff demands a jury trial.

23.    DAMAGES: GENERAL. The plaintiff pleads for
general damages in an amount to be found just
and right by the jury and the Court.

24.    DAMAGES: SPECIAL. The plaintiff suffered
loss of income as the result of his
termination. The plaintiff will reach
retirement age at the age of 65 years.

25.    EXEMPLARY DAMAGES. The Plaintiff requests
punitive or exemplary damages against the
defendant by reason of its gross negligence,
conscious indifference to the welfare of the
Plaintiff and persons in his position, and
intentional malice.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff
REYNALDO COLINDRES, prays that the Court grant him
the following relief as against The Board of Regents
of the University of Texas (MD Anderson Cancer
Center):

(a) general damages as stated above;

(b) special damages as stated above;

(c) exemplary damages when and if permitted;

(d)  prejudgment interest at the maximum rate;

(e)  postjudgment interest at the maximum rate;

(f) declaratory relief;

(g) injunctive relief;

(h)  and such further relief, at law and in equity, to which the Plaintiff may be justly entitled.

(i) the Plaintiff demands that his case be tried to a jury, as is his right under the Constitution and laws of the United States.

RESPECTFULLY SUBMITTED:

LAW OFFICE OF STEPHEN E. MENN
P.O. BOX 572774
HOUSTON, TEXAS 77257-2774
PHONE 832-654-2948
FAX 888-653-4543
stephen_menn@sbcglobal.net


BY:   __/s/Stephen E. Menn___
      STEPHEN E. MENN
      TEXAS BAR NO. 13942200