UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNALDO COLINDRES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00163 |
| | § | |
| UNIVERSITY OF TEXAS MD ANDERSON | § | |
| CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

Before the Court are the defendant's, The Board of Regents of the University of Texas System and the MD Anderson Cancer Center ("UT-MDA"), motion to dismiss the plaintiff's, Reynaldo Colindres, suit pursuant to Fed. R. Civ. P., Rules 12(b)(1) and 12(b)(6). Having reviewed the relevant documents on file, the Court determines that the defendant's motion should be granted.

**II. THE PLAINTIFF'S CLAIMS AND CONTENTIONS**

The plaintiff brings a suit for breach of contract, substantive due process violation(s) and procedural due process violation(s) arising out of his employment termination. At all relevant times the plaintiff was a nurse at UT-MDA. He was terminated from his employment because "a heparin drip" was improperly connected directly to a PICC line in a patient. UT-MDA contends that the plaintiff's suit is barred by sovereign immunity and that he lack of standing because he failed to properly plead a claim for declaratory and injunctive relief.

The plaintiff asserts that he was terminated without pre-termination or a post-termination conference in violation of the Administrative Guide Book. The plaintiff admits that a procedure

is in place to address employment terminations, however, he argues the procedure is wholly inadequate and amounts to "no process at all." He cites to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) as support for argument(s).

## III. STANDARD FOR REVIEW RULE 12(B)(6)

Rule 12(b)(6) authorizes the dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court may not look beyond the face of the pleadings. *Classroom Teachers of Dallas v. Dallas Indep. Sch. Dist.*, 164 F. Supp. 2d 839, 845 (N.D. Tex. 2001). Moreover, a district court must liberally construe the allegations in the complaint in favor of the plaintiff and must accept as true all well-pleaded facts in the complaint. *Lowrey v. Tex.A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

Dismissal of a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal." Classroom Teachers of Dallas,164 F. Supp. 2d at 845. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chern. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

## IV. DISCUSSION AND ANALYSIS

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U. S. Const. Amend. XI. The amendment recognizes that each State is a sovereign entity in our federal system. *Seminole Tribe of Fla. v. Fla.*, 116 S. Ct. 1114, 1122 (1996). As such, a State is immune from suit in federal court regardless of whether the suit is based on diversity or federal question jurisdiction and regardless of whether the suit is filed against the State by one of its own citizens or by a citizen of another State. *Atascadero State Hosp. v. Scanlon*, 105 S. Ct. 3142, 3145 (1985); *see also Seminole Tribe*, 116 S. Ct. at 1122.

Sovereign immunity, however, is not absolute. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 119 S. Ct. 2219, 2223 (1999). Under the Eleventh Amendment, a State may be sued in federal court if the State expressly waives its sovereign immunity, its immunity is properly abrogated by Congress pursuant to § 5 of the Fourteenth Amendment, or the suit falls within the exception recognized for certain suits seeking declaratory and injunctive relief against state officers in their individual capacities. *Atascadero*, 105 S. Ct. at 3145; *Ex Parte Young*, 28 S. Ct. 441, 454 (1908); *Ysleta del Sur Pueblo v. Laney*, 199 F.3d 281, 285 (5th Cir. 2000). "[B]ecause the Eleventh Amendment implicates the fundamental constitutional balance between the Federal Government and the States, (the Supreme Court] consistently has held that these exceptions apply only when certain specific conditions are met." *Atascadero*, 105 S. Ct. at 3145-46.

### V. CONCLUSION

The plaintiff does not dispute that UT-MDA is an arm of the state of Texas and that, as such, it enjoys sovereign immunity under the Eleventh Amendment. Nor does the plaintiff argue that the ground for terminating him was unreasonable. Simply, he argues that the process for terminating him was infirmed and failed to assure him the essential requirements of "due process", *i.e.,* notice and an opportunity to respond in person prior to termination.

The evidence shows that the plaintiff received notice and an opportunity to respond. The fact that he disagrees with UT-MDA manual on how that notice and hearing is conducted does not create a justiciable cause of action. A good and meritorious basis for termination is stated and not refuted by the plaintiff. Therefore, no plausible "due process" claim is asserted. Under the circumstances, this Court lacks subject matter jurisdiction. *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).

The law basis for the plaintiff's breach of contract claim is 42 U.S.C. § 1983. Section 1983, does not apply to Texas except where sovereign immunity is waived. *Statter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). It is undisputed that the state of Texas has not waived immunity. Therefore, the plaintiff's breach of contract claim against UT-MDA is barred.

The plaintiff's claim for injunctive relief also fails. In order to enjoin conduct, a specific person or capacity must be asserted. Not only do the pleadings fail in this respect, but because the plaintiff has already been terminated, there is no basis for prospective relief.

Based on the foregoing discussion and reasoning, the Court determines that UT-MDA's motion to dismiss should be granted.

It is so Ordered.

SIGNED on this 30th day of May, 2018.

_____
Kenneth M. Hoyt
United States District Judge